UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITES STATES OF AMERICA | CIVIL ACTION<br>NO. CV04-10015-A |
| VERSUS | |
| HERMAN DORSEY, JR. | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by Herman Dorsey, Jr. ("Dorsey") on May 16, 2007. Dorsey is contesting the validity of his 2006 convictions, by a jury in the United States District Court for the Western District of Louisiana, Alexandria Division, on one count of distribution of five grams or more of cocaine base, and one count of use of a communication facility in commission of an act constituting a felony under the Controlled Substances Act. Dorsey was sentenced to terms of imprisonment for 120 months and 48 months, to run concurrently.

Dorsey raises the following issues for review in his Section 2255 motion:

> 1. Dorsey's conviction was obtained by use of evidence gained pursuant to an unlawful arrest.
>
> 2. Dorsey's conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

3. Dorsey's conviction was obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

Dorsey's motion is now before the undersigned Magistrate Judge for review.[1]

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitutional or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence;

---

[1] See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

2

or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; <u>United States v. Cates</u>, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under §2255 is consistent with that of the writ of habeas corpus. <u>Cates</u>, 952 F.2d at 151. Also, <u>U.S. v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. <u>U.S. v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992). Also, <u>U.S. v. Ressler</u>, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. <u>U.S. v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. <u>U.S. v. Mimms</u>, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. <u>U.S. v. Hicks</u>, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. <u>U.S. v. Shaid</u>, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. <u>U.S. v. Flores</u>, 981 F.2d 231, 235-36 (5th Cir. 1993). Also, <u>McCleskey v. Zant</u>, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. <u>U.S. v. Acklen</u>, 47 F.3d 739, 742 (5th Cir. 1995). To establish actual innocence, the claimant must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995).

In the case at bar, Dorsey did not complete an appeal of his

conviction and sentence; Dorsey took no steps in his appeal beyond filing a notice of appeal, so his appeal was dismissed on July 31, 2006, for lack of prosecution (Doc. Item 47). Dorsey then timely filed this Section 2255 on May 16, 2007. Since Dorsey did not appeal his conviction, he must show both cause for his procedural default and actual prejudice resulting from the error, or actual innocence.

Dorsey has not alleged any cause for his failure to raise these claims on appeal. Since Dorsey has not shown cause and prejudice, this court must consider whether he makes a colorable claim of actual innocence.

Although demanding in nature, the precise scope of the miscarriage of justice exception depends on the nature of the challenge brought by the habeas petitioner. If the petitioner asserts his actual innocence of the underlying crime, he must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. Calderon, 523 U.S. 538, 559, 118 S.Ct. 1489, 1503 (1998) citing Schlup, 513 U.S. at 327, 115 S.Ct. at 867. To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Calderon v. Thompson, 523 U.S. at 559, 118 S.Ct. at 1503, citing Schlup, 513 U.S. at 324, 115 S.Ct. at 865. Also, Goodwin v. Johnson, 224 F.3d 450, 461 (5th Cir. 2000), cert. den., 531 U.S. 1120, 121 S.Ct. 874 (2001).

Dorsey has not adduced any new evidence to show he is actually innocent of the charges for which he was convicted. Although he alleges a <u>Brady</u> violation, Dorsey only makes a vague allegation that the DEA agent who testified against him at trial later resigned due to "drug allegations," without adducing any new evidence. Dorsey admits the prosecuting attorney contacted his attorney and told him about this. Therefore, the evidence was not "suppressed" and does not constitute a <u>Brady</u> violation.

Since Dorsey has not shown either cause and prejudice or actual innocence, his claims are procedurally barred. Therefore, Dorsey's Section 2255 motion should be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Dorsey's motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255 be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 15th day of October, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE